

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 24 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JORDAN HICKS, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 3:18-cv-_133_-KGB

**LINDSEY MANAGEMENT, CO., INC.,**          **DEFENDANTS**
**and SCOTT ROGERSON**

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jordan Hicks ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendants Lindsey Management Co., Inc., and Scott Rogerson ("Defendants"), he states and alleges as follows:

This case assigned to District Judge _Baker_
and to Magistrate Judge _Ray_

### I. PRELIMINARY STATEMENTS

1.  This is a class and collective action brought by Plaintiff Jordan Hicks, individually and on behalf of all other hourly-paid employees who lived on-premises and worked more than forty hours per week at any time within a three-year period preceding the filing of this Complaint.

2.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendants' failure to pay Plaintiff and all other hourly-paid employees who lived on-premises lawful overtime compensation for hours in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claim under the AMWA forms part of the same case or controversy and arises out of the same facts as the FLSA claims made herein.

6. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendants conduct business in this District and a substantial part of the events alleged herein occurred in this District.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11.	Plaintiff is a citizen and resident of Craighead County.

12.	Plaintiff was hired by Defendants as an hourly employee at one of Defendants' apartment complexes during the three years preceding the filing of this Complaint.

13.	During Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiff an hourly wage.

14.	At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

15.	At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

16.	Separate Defendant Lindsey Management Co., Inc., is an Arkansas corporation headquartered in Fayetteville with offices throughout the southeast United States that operates apartment complexes throughout the United States, including this judicial district.

17.	Separate Defendant Lindsey Management Co., Inc., should be served by its registered agent for service, namely The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

18.	Separate Defendant Scott Rogerson is a citizen and resident of the state of Arkansas.

19.	At all times relevant herein, Separate Defendant Scott Rogerson was the president and chief financial officer of Lindsey Management Co., Inc., and had operational control over the day-to-day functions of Plaintiff and similarly situated

employees as well as direct responsibility for the compensation of Plaintiff and similarly situated employees.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

21. Defendants were at all times relevant hereto Plaintiff's employer, as well as the employers of the members of the proposed classes and are and have been engaged in the interstate commerce as that term is defined under the FLSA and the AMWA.

22. Within the past three (3) years preceding the filing of this Complaint, Defendants continuously employed at least four employees, including Plaintiff.

23. Separate Defendants Lindsey Management Co., Inc., and Scott Rogerson have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

24. Upon information and belief, the revenue generated from the apartment complexes was merged and managed in a unified manner.

25. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Separate Defendants Lindsey Management Co., Inc., and Scott Rogerson operated as a single enterprise.

### IV.   FACTUAL ALLEGATIONS

26. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint

as though fully incorporated herein.

27. During Plaintiff's employment, Plaintiff was responsible for maintenance, repair and general upkeep of Defendants' apartment complexes, and he these duties were not just 8 AM to 5 PM work.

28. Plaintiff worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendants.

29. Plaintiff and all other hourly-paid employees who lived on- premises were classified as hourly employees and paid an hourly rate.

30. Plaintiff and other hourly-paid employees who lived on-premises were given a rent discount while living on-premises.

31. Defendants paid Plaintiff and other hourly-paid employees who lived on-premises one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

32. However, Defendants did not include all forms of compensation, such as rent discounts given to Plaintiff and the other hourly-paid employees who lived on-premises in their regular rate of pay when calculating their overtime rate of pay.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires all forms of compensation, such as rent discounts, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendants violated the FLSA and the AMWA by not including all forms of compensation, such as rent discounts for Plaintiff and the other hourly-paid employees who lived on-premises in their regular rate when calculating their overtime pay.

35. Plaintiff worked for Defendants at Defendants' apartment complex in Jonesboro and Defendant's pay practices were the same for all hourly workers at the Jonesboro apartment complex.

36. The pay practices that violate the FLSA and the AMWA alleged herein were the same at all of Defendants' apartment complexes because the policy was a centralized human resources policy implemented uniformly from Defendants' principal office.

33. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### FLSA § 216(b) Collective

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings his FLSA claim on behalf of all other hourly-paid employees who lived on-premises and were employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorney's fees and cost.

37. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They recorded their time in the same manner;

D. They lived on Defendants' premises; and

E. They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

39. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 60 persons.

40. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

41.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42.   29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

43.   Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including rent discounts, for Plaintiff in his regular rate when calculating his overtime pay.

44.   Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45.   By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

46.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

47.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

48.   Plaintiff brings this collective action on behalf of all hourly-paid employees who lived on-premises employed by Defendants to recover monetary damages owed by

Defendants to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

49. Plaintiff brings this action on behalf of himself and all hourly-paid employees who lived on-premises, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

51. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent discounts, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

52. In the past three years, Defendants have employed more than sixty (60) hourly-paid employees who lived on-premises.

53. Like Plaintiff all or almost all hourly-paid employees who lived on-premises regularly worked more than forty (40) hours in a week.

54. Defendants failed to pay these workers at the proper overtime rate.

55. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid employees who lived on-premises within the three (3) years preceding the filing of the Complaint, to whom Defendants gave a rent discount or credit for at least one week in which the employee worked more than forty (40) hours.**

56. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

58. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

61. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

62. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

63. Defendants failed to pay Plaintiff all minimum wages and overtime wages owed, as required under the AMWA.

64. Defendants' failure to include the rent discounts in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

65. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

67. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   FOURTH CLAIM FOR RELIEF
(Class Action Claim for Violation of the AMWA)

68. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

69. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

70. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the AMWA.

71.     At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

72.     At all relevant times, Defendants were an "employer" of Plaintiff and all other similarly situated employees, as defined by Ark. Code Ann. § 11-4-203(4).

73.     Defendants failed to pay Plaintiff and other similarly situated employees the proper overtime wages required under the AMWA.

74.     Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

> **All hourly-paid Arkansas employees who lived on-premises within the three (3) years preceding the filing of the Complaint, to whom Defendants gave a rent discount or credit for at least one week in which the employee worked more than forty (40) hours.**

75.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

76.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations that occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

77.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

78.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the class members as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jordan Hicks respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.     That Defendants be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

B.     A declaratory judgment that Defendants' practices violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.     A declaratory judgment that Defendants' practices violate the AMWA and the related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

F.     Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the AMWA and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

I. An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JORDAN HICKS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Chris Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com