IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JORDAN HICKS, individually and on behalf
of all others similarly situated**                                                     **PLAINTIFF**

**v.**                      **Case No. 3:18-cv-00133 KGB**

**LINDSEY MANAGEMENT CO., INC.,
and SCOTT ROGERSON**                                                              **DEFENDANTS**

## ORDER

Before the Court is a joint motion for protective order (Dkt. No. 65). For good cause shown, the Court grants the parties' joint motion for protective order (*Id.*). The parties have agreed to, and, accordingly, the Court orders, the following conditions:

1. This Stipulated Protective Order ("Order") shall be applicable to and shall govern the production and exchange of all documents, records, answers to interrogatories, depositions, responses to requests for admissions, exhibits, and all other discovery given or made in this action by any party, as well as pleadings, testimony adduced at depositions or hearings, matters in evidence, and all other information exchanged or furnished in this action by the parties that is marked and designated as "Confidential."

2. Confidential Information, as later defined herein and obtained by either party in this action, shall be used only for the purpose of this litigation and for no other purposes whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined. In the event that any Confidential Information and/or documents subject to this Order are used in any court proceeding in this litigation, it shall not lose its confidential status through such use, and the party using such confidential material shall take all reasonable steps to maintain its confidentiality during such use.

3. "Confidential Information" shall be deemed to include, without limitation: personally identifying information for current and former employees and residents of facilities owned by, managed by, or affiliated with Lindsey Management Co., Inc.; personnel files; financial and payroll information; proprietary information; and other information agreed upon by the parties or deemed by the Court to be confidential in nature. The parties will designate this information as "Confidential" with the method of designation set forth in the letter of transmittal.

4. Any Confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. A party who contends that Information designated Confidential is not entitled to such treatment shall give written notice to the party who affixed the designation of a challenge to the designation. The party who so designated the Information shall have ten (10) days from receipt of the written notice to respond. If no response is made or if the dispute cannot be resolved without judicial intervention, following a meet and confer, the party challenging the Confidential designation may petition the Court for a determination of the propriety of the Confidential designation.

    b. Notwithstanding any challenge to the designation of Information as Confidential, all Information previously designated Confidential shall continue to be treated as such and as subject to the full protections of this Order until one of the following occurs:

        i. The party who claims that the Information is subject to Confidential treatment withdraws such designation in writing;

        ii. The Court rules that the Information should no longer be designated as Confidential; or

iii. The Court makes some other ruling governing the use of and protections afforded the Information.

c. Challenges to designations of Information as Confidential may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

5. Portions of depositions shall be deemed Confidential only if designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript.

6. In the event a party seeks to file any Confidential Information that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the Confidential Information receives proper protection from public disclosure. Any party desiring to file a document under seal, or requesting that a document or documents be filed under seal, must first obtain leave from the Court in order to file the document under seal, or to require that the document or documents be filed under seal. It shall be within the sole discretion of the Court to determine whether said document or documents must be filed under seal.

7. Except with the prior written consent, or pursuant to further order of this Court on motion with notice to the opposing party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include plaintiffs, plaintiffs' counsel, defendants, defendants' counsel, employees of counsel for the parties (to the extent necessary), employees of defendants involved in the defense of this action, experts, witnesses who testify at trial or at any deposition in this lawsuit, court reporters, and other court personnel.

8. Counsel shall take steps to ensure that all "Qualified Persons," including witnesses, understand the terms of this Protective Order, that they are bound by this Protective Order, and

that they are enjoined from disclosing any Confidential Information that they may review or learn during this litigation.

9. Pursuant to Federal Rule of Civil Procedure 502(d), the inadvertent production without designation as Confidential Information of a document intended to be designated or that should have been designated as being Confidential Information shall not waive the right to so designate such document or information. Any information or document that is inadvertently not designated as being Confidential when produced shall be, upon written request of the producing party, thereafter treated as being designated as Confidential under this Protective Order.

10. It is the intention of this Order that the following categories of Information shall not be designated as Confidential Information, and that this Order should not be construed as governing or affecting a party's use or disclosure of:

   a. Any Information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; or

   b. Any Information that at the time of its disclosure in this action is already rightfully in the possession of the receiving party, its counsel of record, or any expert retained by or for the receiving party under no obligations of confidence to any third party with respect to that Information. Any disputes as to whether Information is Confidential under the terms of this Order shall be resolved according to the procedure set forth herein.

11. This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. At this conclusion of this action, including all appeals:

  a. Upon request by defendants, plaintiffs (or their counsel) shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part.

  b. Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

  12. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, Confidential documents and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party that produced the documents. This provision in no way abrogates counsels' obligations under the Arkansas Rules of Professional Conduct.

  13. This Order shall not be modified, vacated, suspended, appealed, or otherwise altered without further order of the Court. Use of any confidential materials subject to this Order in discovery, at trial, or in any other manner shall not alter the obligations set forth in this Order. The Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit. Any violation of this Order by any person subject to its terms may result in the imposition of sanctions against the violator, the party by whom the violator is employed, or both.

  14. Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

15. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial. Issues of use or admissibility at trial shall be determined by the Court at that time.

16. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as Confidential without first having obtained permission from the Court to do so.

17. Plaintiffs' current counsel shall explain to plaintiffs the terms of this Protective Order, including the requirements and restrictions they must observe.

It is so ordered this 30th day of July, 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge