IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| **JORDAN HICKS, individually and on behalf of all others similarly situated** | | **PLAINTIFF** |
| v. | Case No. 3:18-cv-00133 KGB | |
| **LINDSEY MANAGEMENT CO., INC., and SCOTT ROGERSON** | | **DEFENDANTS** |

## ORDER

Before the Court is defendants Lindsey Management Co., Inc. ("Lindsey Management"), and Scott Rogerson's bill of costs for $3,440.55 pursuant to Federal Rule of Civil Procedure 54(d)(1) (Dkt. No. 113). Plaintiff Jordan Hicks, individually and on behalf of all others similarly situated, responded in opposition to the motion (Dkt. No. 114). Defendants replied (Dkt. No. 115). For the following reasons, the Court grants in part and denies in part defendants' motion (Dkt. No. 113).

On April 23, 2020, the Court granted summary judgment in favor of defendants on Mr. Hicks' claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (Dkt. No. 111). Accordingly, the Court entered Judgment in favor of defendants (Dkt. No. 112).

On April 29, 2020, defendants filed a bill of costs (Dkt. No. 113). Mr. Hicks responded in opposition (Dkt. No. 114), and defendants replied (Dkt. No. 115). The bill of costs requests that the Clerk tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" in the amount of $3,182.15 and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" in

the amount of $258.40 (Dkt. No. 113, at 1). Defendants request that a total of $3,440.55 be taxed as costs. Defendants provide six invoices to support their bill of costs (Dkt. No. 113).

Mr. Hicks argues that the bill of costs should be denied because: (1) there is no allegation that he brought his claims in bad faith, (2) requiring him to pay defendants' costs could have a chilling effect on future litigants, (3) the lawsuit presented close legal issues, and (4) there is a disparity between the parties' financial resources (Dkt. No. 114, at 2-3). Mr. Hicks also argues that the bill of costs includes unsupported and non-taxable costs (*Id.*, at 4). He claims that, if the Court decides to tax costs against him, the costs should be limited to costs associated with depositions of the named parties only (*Id.*). He also claims that defendants' alleged copying costs should not be taxed to him because the costs are not attributable actually to trying a case in the courtroom (*Id.*, at 5-6).

Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 "defines expenses that a federal court may tax as a cost under the discretionary authority found in rule 54(d)." *Pershern*, 834 F.2d at 140 (internal quotations omitted); *see also U.S. v. Mink*, 476 F.3d 558, 564 (8th Cir. 2007).

Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.  "'Absent explicit statutory or contractual authorization to the contrary, federal district courts may tax as costs only those expenses listed in § 1920.'"  *Mink*, 476 F.3d at 564 (quoting *United States v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990)).

"A district court has wide discretion whether to award costs to the prevailing party." *Energy Mgmt. Corp. v. City of Shreveport,* 467 F.3d 471, 483 (5th Cir. 2006).  "[N]ot all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." *Pershern*, 834 F.2d at 140.  Further, the Supreme Court has held that "discretion granted by Rule 54(d) is not a power to evade the specific categories of costs set forth by Congress. Rather . . . it is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (internal citations and quotation marks omitted).  The Eighth Circuit Court of Appeals has determined that costs may be awarded to a prevailing employer in an FLSA case pursuant to Rule 54(d)(1) but that the decision whether to award costs lies within the sound discretion of the district court.  *Lochridge v. Lindsey Management Co.*, 824 F.3d 780 (8th Cir. 2016) ("The district court's holding is reversed because . . . Lindsey Management is entitled to a decision whether its Bill of Costs should be

3

awarded under Rule 54(d)(1) without consideration of the FLSA's silence on the issue of prevailing defendants.").

Based on the docket in this case, the Court granted in part and denied in part a motion for conditional certification on February 11, 2019 (Dkt. No. 19).  On February 13, 2019, separate defendant Scott Rogerson filed a motion for summary judgment, attaching as an exhibit to that motion a declaration of Mr. Rogerson (Dkt. No. 21).  Plaintiffs responded in opposition to the motion filed by Mr. Rogerson (Dkt. No. 24).  The Court denied Mr. Rogerson's motion in an Order dated September 5, 2019 (Dkt. No. 70).  Defendants did not prevail on that filing.

Mr. Hicks on behalf of himself and all other plaintiffs filed a motion for partial summary judgment on August 28, 2019 (Dkt. No. 67).  While that motion was pending, defendants requested additional time to respond to the motion, and all parties jointly requested that the case be referred for a settlement conference (Dkt. Nos. 71, 73, 77, 78).  Defendants responded in opposition to Mr. Hicks's motion, attaching no exhibits to the response (Dkt. No. 81).

Defendants then filed a cross motion for summary judgment, attaching as exhibits affidavits from individuals and deposition excerpts from Betsy Fox, Andrew Cox, Steward Hegermann, Vivian Shubin, Jordan Hicks, and Edward Robinson (Dkt. No. 83).  Plaintiffs obtained an extension of time to respond to defendants' motion (Dkt. Nos. 87, 88).  Plaintiffs responded in opposition to defendants' cross motion (Dkt. No. 90).  Defendants replied, attaching as exhibits to the reply deposition excerpts from Iris Granville and affidavits (Dkt. No. 97).

The Court denied Mr. Hicks' motion for partial summary judgment, granted defendants' cross-motion for summary judgment, and denied as moot defendants' motion to dismiss plaintiffs who failed to fulfill their discovery obligations and motion to decertify the FLSA collective action (Dkt. No. 111).

In exercising its discretion, this Court considers that this is an FLSA action, with a fee-shifting provision, with the intent for employees to bring meritorious claims and advance the purposes of the FLSA. There is no evidence or support for a claim that plaintiffs brought their claims in bad faith. The case involved close and difficult legal issues. The record evidence supports that Mr. Hicks and the other plaintiffs earned or earn close to minimum wage, while defendants have considerable financial resources. In their opposition to the motion for costs, plaintiffs maintain that "[m]ore than half of Defendants' Bill of Costs consists of costs associated with superfluous depositions of opt-in plaintiffs that defense counsel took after Plaintiff filed the summary judgment motion that disposed of this case." (Dkt. No. 114, at 4). Plaintiffs explain that "Plaintiffs' counsel expressly asked defense counsel if there were facts to which Plaintiff could stipulate that would make opt-in depositions unnecessary; defense counsel did not even respond." (*Id.*, at 5). For these reasons, plaintiffs request that, if the Court awards costs, it limit costs to those associated with depositions of the named parties only, which plaintiffs represent is $843.80 (*Id.*). Plaintiffs also point out that defendants' motion "includes a $258.40 line-item for 'the costs of making copies'" with no explanation as to what those copies were (*Id.*). In their reply, defendants do not meaningfully refute or explain satisfactorily any of these points (Dkt. No. 115).

The costs of depositions used to support defendants' summary judgment briefing were only the following amounts based on the record before the Court: Betsy Fox ($121.50 (Dkt. No. 113, at 2)), Andrew Cox and Steward Hegermann ($623.80 (Dkt. No. 113, at 5)), Vivian Shubin and Jordan Hicks ($887.30 (Dkt. No. 113, at 4)), Edward Robinson ($470.20 (Dkt. No. 113, at 7)), and Iris Granville ($433.70 (Dkt. No. 113, at 6)). That total is $2,536.50, without even considering plaintiffs' unrefuted arguments that many of these depositions were unnecessary and that

defendants never responded to plaintiffs' attempt to narrow issues in the litigation through joint stipulation.

Because the nature of the copies matters when addressing whether costs for those copies are compensable, *see, e.g.*, *Little Rock Cardiology Clinic PA v. Baptist Health*, 592 F.3d 591, 602 (8th Cir. 2009); because plaintiffs challenged that line item; and because defendants do not explain further that line item in their reply, the Court exercises its discretion to disallow the $258.40 for the costs of making copies.

Given all of the facts and circumstances of this litigation, the nature of the litigation, the claims and arguments advanced by all parties, the relative positions of the parties, and the record before the Court, the Court exercises its discretion and will permit recovery of costs in the amount of $647.30, which represents deposition costs for the deposition of named plaintiff Mr. Hicks submitted by defendants with respect to summary judgment briefing on which defendants prevailed, discounted based on plaintiffs' unrefuted arguments with respect to the necessity of these depositions and the unanswered willingness of plaintiffs to explore stipulated facts.

It is so ordered this 31st day of March, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge